TYLER G. NEWBY (CSB No. 205790)
tnewby@fenwick.com
NIKKI SEICHEPINE (CSB No. 359475)
nseichepine@fenwick.com
FENWICK & WEST LLP
One Front Street, 33rd Floor
San Francisco, CA 94111
Telephone: 415.875.2300
Facsimile: 415.281.1350

JANIE YOO-SCOTT (CSB No. 312715)
jyooscott@fenwick.com
FENWICK & WEST LLP
1155 F Street NW, 12th Floor
Washington, DC 20001
Telephone: 202.970.3000

JOAN LIU-KIM (CSB No. 342130)
joanieliu-kim@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

Attorneys for Defendant
INMOBI TECHNOLOGY SERVICES PRIVATE LIMITED

FENWICK & WEST LLP
ATTORNEYS AT LAW

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES CALDWELL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INMOBI TECHNOLOGY SERVICES PRIVATE LIMITED F/K/A INMOBI PTE LTD., a foreign limited company,<br><br>Defendant. | Case No.: 4:25-cv-09977-AMO<br><br>**DEFENDANT INMOBI TECHNOLOGY SERVICES PRIVATE LIMITED'S ANSWER TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT** |

Defendant InMobi Technology Services Private Limited (f/k/a InMobi PTE LTD.) answers the First Amended Class Action Complaint ("FAC") of Plaintiff James Caldwell, as follows:

**GENERAL RESPONSE**

Except as expressly admitted herein, Defendant denies the allegations set forth in the FAC. Paragraph numbers in this Answer correspond and respond to the allegations in the numbered paragraphs of the FAC. To the extent allegations in a numbered paragraph of the FAC purport to cite to, refer to, or characterize allegations in other paragraphs of the FAC, Defendant incorporates and reasserts its responses to each such paragraph as if set forth fully therein.

To the extent the paragraphs in the FAC are grouped under headings and sub-headings, Defendant responds generally that such headings and sub-headings (repeated below only for the ease of reference) state unsupported legal conclusions to which no response is required. To the extent a response is necessary, Defendant denies each heading and sub-heading in the FAC and incorporate by reference this response in each paragraph below as if fully set forth therein.

Plaintiff's use of footnotes throughout the FAC does not comply with Federal Rule of Civil Procedure 10(b), and no response is required to the footnotes. To the extent a response is required, Defendant denies each footnote in the FAC and incorporates by reference this response in each paragraph below as if fully set forth therein.

**NATURE OF THE ACTION**

1. Defendant admits that its software development kit ("SDK") can transmit certain types of device-level information and digital identifiers subject to the terms and settings of a user's mobile device and app. Defendant admits that when an application publisher configures the SDK to transmit location data, and the user of the application enables location access within an app containing its SDK, the app transmits the user's location. Defendant denies the remaining allegations in Paragraph 1.

2. Defendant admits it is a digital advertising technology company that operates an advertising platform that connects advertisers with available ad space on mobile applications. Defendant admits it offers mobile app developers tools to monetize user traffic through an

automated auction system that allows advertisers to buy digital ad impressions. Defendant denies the remaining allegations in Paragraph 2.

3. Defendant admits that it offers an SDK that app developers voluntarily integrate. Defendant admits that the integrated SDK facilitates the collection and transmittal of information that are stored on Defendant's servers. Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegation that some apps that use InMobi's SDK have been downloaded billions of times, and on that basis denies the allegation. Defendant denies the remaining allegations in Paragraph 3.

4. Defendant admits its SDK collects information subject to the terms and settings of the user's mobile device and app. Defendant admits that, depending on the app publisher's configuration of the SDK and the permissions granted by the app user, the information the SDK collects can include certain types of device-level information, digital identifiers, and location data, subject to the terms and settings of a user's mobile device and app. Defendant denies the remaining allegations in Paragraph 4.

5. Defendant admits that it categorizes information collected from its SDK depending on the app publisher's configuration of the SDK and the permissions granted by the app user, which can include certain types of digital identifiers, location history, and data collected from apps. Defendant admits that digital advertisers can use this information to update anonymous profiles and assign segments for purposes of targeted advertising. Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 5, and therefore denies them.

6. Defendant admits that it categorizes information collected from its SDK which, depending on the app publisher's configuration of the SDK and the permissions granted by the app user, can include certain types of device-level information, location history, and data collected from apps. Defendant admits that digital advertisers can use this information to bid on the ability to display an advertisement within a mobile app. Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 6, and therefore denies them.

7. Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in Paragraph 7, and therefore denies them.

8. Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in Paragraph 8, and therefore denies them.

9. Paragraph 9 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 9.

**PARTIES**

10. Paragraph 10 includes legal conclusions to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge and information to form a belief as to the truth of falsity of the allegations in Paragraph 10, and therefore denies them.

11. Defendant admits that InMobi Pte., Ltd. was a limited company organized and existing under the laws of Singapore that had its principal place of business in Singapore. Its business has been transferred into InMobi Technology Services Private Limited.

**JURISDICTION AND VENUE**

12. Paragraph 12 includes legal conclusions to which no response is required.

13. Paragraph 13 includes legal conclusions to which no response is required.

14. Paragraph 14 includes legal conclusions to which no response is required.

**COMMON FACTUAL ALLEGATIONS**

***I. InMobi Covertly Collects and Shares Consumer Data***

15. Defendant admits that it has referred to itself as the "world's largest independent mobile advertising network." Defendant admits its technology connects advertisers with available ad space on mobile applications. Defendant admits it offers mobile app developers tools to monetize user traffic through an automated auction system that allows advertisers to buy digital ad impressions. Defendant denies the remaining allegations in Paragraph 15.

16. Defendant admits that it offers an SDK that app developers may voluntarily integrate into their apps. Defendant admits that, depending on the app publisher's configuration of the SDK and the permissions granted by the app user, its SDK can transmit certain types of device-level information and digital identifiers. Defendant admits it offers mobile app developers tools to

FENWICK & WEST LLP
ATTORNEYS AT LAW

monetize user traffic that allows advertisers to buy digital ad impressions. Defendant denies the remaining allegations in Paragraph 16.

17. Defendant admits that, depending on the app publisher's configuration of the SDK and the permissions granted by the app user, the InMobi SDK transmits data selected by the app publisher to potential advertisers to allow advertisers to bid on the ability to display ads. Defendant denies the remaining allegations in Paragraph 17.

18. Defendant admits that, depending on the app publisher's configuration of the SDK and the permissions granted by the app user, when the app receives an ad request, the InMobi SDK may transmit information from the app user's device to InMobi servers, which may include geolocation information, mobile advertising IDs, IP address and other device level information. Defendant denies the remaining allegations in Paragraph 18.

19. Defendant admits that, depending on the app publisher's configuration of the SDK and the permissions granted by the app user, InMobi can receive ad requests from other apps on the user's device where InMobi's SDK is integrated. Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 19, and therefore denies them.

20. Defendant admits that, depending on the app publisher's configuration of the SDK and the permissions granted by the app user, the integrated SDK transmits mobile advertising IDs, IP addresses, cookie IDs, or hashed email addresses to third parties. Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 20, and therefore denies them.

21. Defendant denies the allegations in paragraph 21.

22. Defendant admits that it sends bid requests to potential advertisers that may include data received from a device as determined by the app publisher's configuration of the SDK and the user's permissions. Defendant admits that a bid request informs potential advertisers or their intermediaries about the opportunity to show an ad to the user and invites them to submit bids to serve an advertisement in that ad slot. Defendant admits that interested advertisers then submit a

bid for the slot, and the winning advertiser displays their ad to the user within the app. Defendant denies the remaining allegations in Paragraph 22.

23. Defendant admits that it sends bid requests to potential advertisers that may include data received from a device as determined by the app publisher's configuration of the SDK and the user's permissions. Defendant admits that digital advertisers can utilize this information to update anonymous profiles and assign segments for purposes of targeted advertising. Defendant denies the remaining allegations in Paragraph 23.

24. Defendant admits that it receives standardized segments from third-party vendors and makes them available on the advertising platform it operates. Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in Paragraph 24, and therefore denies them.

25. Defendant admits that InMobi supports advertisers' audience segments and offers its own audience segments for advertisers. Defendant admits that pages on its website have included the language quoted in Paragraph 25. Defendant denies the remaining allegations in Paragraph 25.

26. Defendant admits that pages on its website have included the language quoted in Paragraph 26. Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 26, and therefore denies them.

27. Defendant admits that it sends bid requests to demand-side platforms to bid on the opportunity to display advertisements within an app. Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 27, and therefore denies them.

28. Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in Paragraph 28 and therefore denies them.

### ***II. InMobi Persistently and Invasively Surveils Users Through Polygonal Geofencing***

29. Defendant denies the allegations in Paragraph 29.

30. Defendant admits that geolocation tracking of mobile users for advertising is not new. Defendant denies the remaining allegations in Paragraph 30.

31. Defendant admits that when a user enables location access within an app containing its SDK, the app transmits the user's location. Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations concerning Plaintiff's use of the unidentified dating app, and therefore denies them. Defendant denies the remaining allegations in Paragraph 31.

32. Defendant admits that when a user enables location access within an app containing its SDK, the app transmits the user's location as made available by the application, the user's permissions, and the device settings. Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 32 and therefore denies them.

33. Defendant admits that when a user enables location access within an app containing its SDK, the app transmits the user's location. Defendant denies the remaining allegations in Paragraph 33.

34. Defendant admits that it enables advertisers to use polygon geofences to display advertisements only to devices within that geofence. Defendant admits that polygon geofences allow advertisers to display ads only to devices within custom-drawn location areas. Defendant denies the remaining allegations in Paragraph 34.

35. Defendant admits that polygon geofences enable advertisers to display advertisements only to devices that have enabled location sharing within that geofence. Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 35 and therefore denies them.

36. Defendant denies the allegations in Paragraph 36.

37. Defendant admits that, depending on the app publisher's configuration of the SDK and the permissions granted by the app user, when the app receives an ad request, the InMobi SDK may transmit information from the app user's device to InMobi servers, which may include

FENWICK & WEST LLP
ATTORNEYS AT LAW

geolocation information that may be used to infer segments for the purposes of targeted advertising. Defendant denies the remaining allegations in Paragraph 37.

38. Defendant denies the allegations in Paragraph 38.

***III. InMobi Knows its Practices Expose Consumers to Harm***

39. Defendant admits that, depending on the app publisher's configuration of InMobi's SDK and the user's permissions, each bid request sent by InMobi's SDK may contain fresh device and location information. Defendant denies the remaining allegations in Paragraph 39.

40. Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 40 and therefore denies them.

41. Defendant admits that consumers have no direct relationship with InMobi. Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of the remaining allegations in paragraph 41 and therefore denies them.

42. Defendant admits that because apps that use InMobi's SDK bear the responsibility to disclose to users the apps' data sharing practices, InMobi does not seek consent directly from users of those apps concerning the apps' data sharing practices. Defendant denies the remaining allegations in Paragraph 42.

43. Defendant denies the allegations in paragraph 43.

44. Defendant responds that the Complaint and Stipulated Order for Permanent Injunction and Civil Penalty Judgment in *United States v. InMobi Pte. Ltd.* speak for themselves, and on that basis denies the allegations in Paragraph 44.

45. Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 45 and therefore denies them.

46. Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 46 and therefore denies them.

47. Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 47, and therefore denies them.

48. Defendant denies the allegations in Paragraph 48.

49. Defendant denies the allegations in Paragraph 49.

## FACTS SPECIFIC TO PLAINTIFF

50. Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 50 and therefore denies them.

51. Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 51 about Plaintiff's app usage and therefore denies them. Defendant denies the remaining allegations of Paragraph 51.

52. Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 52 and therefore denies them.

53. Paragraph 53 includes legal argument and conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 53.

54. Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 54 and therefore denies them.

55. Paragraph 55 includes legal argument and conclusions to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 55 and therefore denies them.

56. Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 56 concerning Plaintiff's app usage and the notices and disclosures provided to him by the app he used and therefore denies them. Paragraph 56 includes legal argument and conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 56.

## CLASS ACTION ALLEGATIONS

57. Paragraph 57 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 57.

58. Paragraph 58 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 58.

59. Paragraph 59 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 59.

FENWICK & WEST LLP
ATTORNEYS AT LAW

60. Paragraph 60 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 60.

61. Paragraph 61 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 61.

62. Paragraph 62 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 62.

63. Paragraph 63 includes legal conclusions to which no response is required.

**FIRST CAUSE OF ACTION**
**Violation of Cal. Penal Code § 638.51(a)**
**(On behalf of Plaintiff and the Class)**

64. Defendant incorporates by reference its answers to Paragraphs 1 through 63 of the FAC as though fully stated herein.

65. Defendant admits that Plaintiff purports to bring a putative class action claim under California Invasion of Privacy Act ("CIPA"), codified in California Penal Code sections 630–38.

66. Paragraph 66 includes legal conclusions to which no response is required.

67. Paragraph 67 includes legal conclusions to which no response is required. The statutory text of Cal. Penal Code § 638.50(b) speaks for itself.

68. Paragraph 68 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 68.

69. Defendant admits that, depending on app publishers' configuration of InMobi's SDK and app users' permissions, InMobi's SDK may transmit IP addresses to InMobi upon an ad request. The remaining allegations in Paragraph 69 include legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 69.

70. Defendant admits that, depending on app publishers' configuration of InMobi's SDK and app users' permissions, InMobi's SDK may transmit IP addresses to InMobi upon an ad request. Defendant denies the remaining allegations in Paragraph 70.

71. Defendant denies the allegations in Paragraph 71.

72. Paragraph 72 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 72.

73. Paragraph 73 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 73.

74. Defendant admits depending on app publishers' configuration of InMobi's SDK and app user permissions, the InMobi SDK may collect mobile advertising IDs and IP addresses upon an ad request, and that that information may be used for targeted advertising. The remainder of Paragraph 74 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 74.

75. Paragraph 75 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 75.

**SECOND CAUSE OF ACTION**
**Intrusion Upon Seclusion Under California Common Law**
**(On behalf of Plaintiff and the Class)**

76. Defendant incorporates by reference its answers to Paragraphs 1 through 75 of the FAC as though fully stated herein.

77. Defendant denies the allegations in Paragraph 77.

78. Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 78 and therefore denies them.

79. Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 79 and therefore denies them.

80. Defendant denies the allegations in Paragraph 80.

81. Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 81 and therefore denies them.

82. Paragraph 82 includes legal argument and conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 82.

83. Defendant denies that it "exploits" information. Defendant admits that consumers have no direct relationship with InMobi. Defendant further responds that it lacks sufficient

knowledge and information to form a belief as to the truth or falsity of the remaining allegations in paragraph 83, and therefore denies them.

84. Defendant denies the allegations in Paragraph 84.

85. Defendant denies the allegations in Paragraph 85.

86. Paragraph 86 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 86.

87. Defendant denies the allegations in Paragraph 87.

88. Defendant denies the allegations in Paragraph 88.

89. Defendant denies the allegations in Paragraph 89.

**THIRD CAUSE OF ACTION**
**Invasion of Privacy Under the California Constitution**
**(On behalf of Plaintiff and the Class)**

90. Defendant incorporates by reference its answers to Paragraphs 1 through 89 of the FAC as though fully stated herein.

91. Paragraph 91 includes legal conclusions to which no response is required. To the extent a response is required, the text of the California Constitution is the best source of information about what it states.

92. Paragraph 92 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 92.

93. Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 93 and therefore denies them.

94. Defendant denies the allegations in Paragraph 94.

95. Defendant admits its SDK collects information subject to the terms and settings of the user's mobile device and app. The information can include certain types of device-level information, digital identifiers, and location data. Defendant denies the remaining allegations in Paragraph 95.

96. Defendant denies the allegations in Paragraph 96.

97. Defendant denies the allegations in Paragraph 97.

98. Paragraph 98 includes legal argument and conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 98.

99. Paragraph 99 includes legal argument and conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 99.

100. Paragraph 100 includes legal argument and conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 100.

101. Paragraph 101 includes legal argument and conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 101.

102. Paragraph 102 includes legal argument and conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 102.

## ANSWER TO PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to the relief he requests or any relief whatsoever, and specifically denies each of the requests for relief enumerated in the FAC.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

Defendant admits that Plaintiff's complaint included a demand for a jury trial.

## FIRST DEFENSE
**(Consent/Acquiescence)**

Plaintiff's privacy settings on his dating app and mobile device and express or implied consent or acquiescence to the terms and conditions of the dating app and his mobile device bar him from bringing his claims.

## SECOND DEFENSE
**(Class Cannot Be Certified)**

The putative class cannot be certified under Federal Rule of Civil Procedure 23 because, inter alia, the class representative and/or class counsel fail to meet any of the requirements under Rule 23, including, but not limited to, the typicality, commonality, adequacy, superiority, and predominance requirements for class actions.

## THIRD DEFENSE
**(No Damages)**

Plaintiff and the putative class have not suffered any injury or damages whatsoever.

**FOURTH DEFENSE**
**(Failure To Mitigate Damages)**

For each purported claim, Plaintiff and the putative class have failed, refused, and/or neglected to mitigate or avoid the damages complained of in the FAC, if any.

**FIFTH DEFENSE**
**(Waiver Or Estoppel)**

Each claim contained in the FAC is barred because Plaintiff waived the claims he now asserts or are estopped by his conduct from asserting such claims.

**SIXTH DEFENSE**
**(Attorneys' Fees Improper)**

The FAC fails to state a claim or set forth facts sufficient to support a claim for attorneys' fees.

**SEVENTH DEFENSE**
**(No Punitive Damages)**

To the extent that Plaintiff and the putative class members recover in any manner in this action, they cannot make the legal showing required to recover punitive damages.

**EIGHTH DEFENSE**
**(No Injunctive Relief)**

For each purported claim in the FAC, Plaintiff fails to properly state a claim for injunctive relief.

**NINTH DEFENSE**
**(Comparative Fault And Contribution)**

Plaintiff is in whole or in part responsible for and has contributed to the alleged wrongs alleged in the FAC. Any recovery to which Plaintiff may be entitled must be reduced by his comparative responsibility and obligations of contribution, which, further, must act as a setoff against any recovery on Plaintiff's behalf.

**TENTH DEFENSE**
**(No Equitable Relief)**

Plaintiff and the putative class members are not entitled to equitable relief insofar as they have adequate remedies at law.

**ELEVENTH DEFENSE**
**(No Expectation Of Privacy)**

Plaintiff's claim is barred because Plaintiff did not have a reasonable expectation of privacy in any allegedly collected or accessed information, and there was no "highly offensive" intrusion upon his privacy.

**TWELFTH DEFENSE**
**(Intervening Cause)**

Plaintiff's damages, if any, were caused by superseding or intervening causes for which Defendant is not responsible, and thus any alleged wrongdoing was not actually or proximately caused by Defendant.

**RESERVATION OF ADDITIONAL DEFENSES**

Defendant does not presently know all facts concerning the conduct and claims of Plaintiff and the putative class to state all affirmative defenses at this time. Defendant will seek leave of this Court to amend this Answer should it later discover facts demonstrating the existence of additional affirmative defenses. Defendant reserves any and all additional affirmative defenses available to it.

Dated: May 13, 2026

FENWICK & WEST LLP

By: */s/ Tyler G. Newby*
Tyler G. Newby
tnewby@fenwick.com

Attorneys for Defendant
INMOBI TECHNOLOGY SERVICES PRIVATE LIMITED